UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Curtis Jerome Lytle, | ) | C/A No. 5:16-cv-02277-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Charles Samuels, Jr; | ) | |
| Christopher Zych; | ) | |
| Curtis Mabe, and | ) | |
| Dale Rupert, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).[1]

I.      Factual Background

Curtis Jerome Lytle ("Plaintiff") is currently incarcerated at FCI Bennettsville, in Bennettsville, South Carolina. In the Complaint filed in this case, Plaintiff challenges a 2012 prison disciplinary conviction for possession of a hazardous tool that resulted in sanctions including, but not limited to, the loss of 82 days of good-time credits and placement in a higher

---

[1] A Report and Recommendation relating to Plaintiff's Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, was previously entered in this case. ECF No. 8. By Order dated September 12, 2016, District Judge Cain denied the Motion and directed Plaintiff to pay the full filing fee if he desired to pursue this case. ECF No. 13. Plaintiff paid the fee, ECF No. 17, and the case was then remanded to the undersigned for further initial review. This Report and Recommendation arises from that initial review.

custody level institution. Compl. 4, ECF No. 1. The disciplinary process took place at USP Lee in Pennington Gap, Virginia. ECF No. 1-1 at 1. With the exception of the former Director of the Federal Bureau of Prisons ("BOP"), Charles Samuels, Jr. who has a Washington, D.C. address, all named Defendants are employees of USP Lee and Plaintiff has provided Virginia addresses for them on his proposed service documents. ECF No. 4. Plaintiff contends that his due-process rights were violated in connection with the disciplinary violation hearing process and that some or all Defendants are guilty of "18 USC 1001 violations, Fraud, Forgery, Abuse of power, Conspiracy." ECF No. 1 at 2. Plaintiff alleges that Defendants falsified documents and prevented him from having a complete hearing process. *Id*. at 4. As relief, Plaintiff requests that his disciplinary conviction be expunged, that he be awarded $5,000,000.00 in damages, that he be released from confinement, and that an investigation into Defendants' actions be undertaken by the United States Attorney. *Id*. at 6.[2]

II.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke*

---

[2] The Complaint under review is substantially identical to another complaint Plaintiff filed approximately one month before this case. That complaint was docketed in *Lytle v. Samuels*, No. 5:16-cv-01784-TMC. Plaintiff's Motion for Leave to Proceed *in forma pauperis* in that case was denied by District Judge Cain, *id*., ECF No. 14, but Plaintiff did not pay the filing fee in that case and it was dismissed on November 2, 2016, *id*., ECF No. 18. The dismissal of case no. 5:16-cv-01784-TMC eliminates procedural problems that could have arisen as a result of Plaintiff's submission of duplicative pleadings in separate cases. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

*v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff has styled his claim as one cognizable under the *Bivens* Doctrine because he sues federal officials and employees, alleging violations of his constitutional rights.[3] However, even though he alleges wrongdoing by Defendants, it is clear that Plaintiff is actually challenging his

---

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

imprisonment, with the desire that good-time credits be restored to him and that he be released. Thus, he asserts an incorrect cause of action because, when good-time credits have been taken away from a federal prisoner as a sanction, such claims are only properly brought pursuant to the federal habeas corpus statute, 28 U.S.C. § 2241.[4] While the *Bivens* Doctrine provides access to a federal forum for claims of unconstitutional treatment at the hands of federal officials and employees, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). In *Preiser*, 411 U.S. at 487-88, the United States Supreme Court held that a prisoner's § 1983 action was barred because the relief it sought—restoration of good-time credits, which would shorten the prisoner's incarceration and hasten the date on which he would be transferred to supervised release—was available in habeas. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 86 (2005) ("These cases, *Preiser, Wolff, Heck, Balisok*, taken together, indicate that a . . . prisoner's § 1983 [or *Bivens*] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration. . . ."). As the Third Circuit stated in *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002), "[w]hen read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 is unavailable: whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the

---

[4] Section 2241 permits a district court to grant to a prisoner a writ of habeas corpus if he "is in custody in violation of the Constitution or laws or treaties of the United States."

sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition against his immediate custodian."

The reasoning of *Heck v. Humphrey* and its progeny is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement. This court has held that non-habeas civil actions under § 1983 and *Bivens* are barred and subject to summary dismissal when the prisoner, as Plaintiff here, challenges the validity of a disciplinary conviction that resulted in the loss of good-time credits. *See, e.g., Cabbagestalk v. Hardin*, No. 5:13-cv-2974-RMG, 2014 WL 2881930 (D.S.C. June 25, 2014) (§ 1983 challenge to prison disciplinary process barred by *Heck*); *Battle v. Eagleton*, 8:07-cv-1841-GRA-BHH, 2008 WL 2952349, at *5 (D.S.C. July 28, 2008) ("A prisoner cannot bring a § 1983 action challenging a disciplinary proceeding resulting in the loss of good-time credits if the possible relief would necessarily imply the invalidity of the punishment imposed, unless the disciplinary action was previously invalidated."). Under this line of authority, it is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by applying credits to the sentence. *See, e.g., Miller v. Ind. Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Joe v. Ozmint*, No. 2:08-cv-585-PMD-RSC, 2009 WL 3124425, at *12-13 (D.S.C. Sept. 29, 2009); *Stevens v. S. C. Dep't of Corrs.*, No. 0:05-3237-PMD, 2006 WL 1074996, at *3 (D.S.C. April 20, 2006); *see also Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) *(Bivens* suit seeking damages for alleged miscalculation of federal prisoner's sentence barred by *Heck* ); *Rooding v. Peters*, 92 F.3d 578, 580-81 (7th Cir. 1996) (suit for damages under § 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action). Thus, while the *Bivens* Doctrine is unavailable to Plaintiff, he can seek the restoration of his good-time

5

credits and earlier release from prison in federal court by way of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. at 500. Because he pursued the wrong remedy, Plaintiff's Complaint should be summarily dismissed.

Even if this court were to find that Plaintiff's claims could be raised by way of a *Bivens* complaint, the Complaint filed in this case should still be summarily dismissed because there is nothing on the face of the pleading that would support this court's exercise of personal jurisdiction over any of the Defendants, each of whom resides outside the territorial jurisdiction of this court. As stated previously, one Defendant has a Washington, D. C. address and the remaining Defendants have Virginia addresses. Also, Plaintiff's allegations indicate that any wrongdoing by the Defendants took place within the State of Virginia at USP Lee or, possibly at the BOP's headquarters in Washington, D.C. A bedrock requirement in any action under the *Bivens* Doctrine is that the district court in which a complaint is brought shall have personal jurisdiction over the persons of the defendants. Rule 4(e) of the Federal Rules of Civil Procedure ("Service Upon Individuals Within a Judicial District of the United States") by its own title suggests that persons outside a given judicial district cannot be brought into that district court. The Rule, however, allows application of so-called state "long arm" statutes such as South Carolina's, which reads as follows.

> Unless federal law provides otherwise, an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under South Carolina law, nonresidents may be served and subjected to state court jurisdiction, under the provisions of S.C. Code Annotated § 36-2-803 ("Personal jurisdiction based upon conduct"):

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent as to a cause of action arising from the person's:

(1) transacting any business in this State;

(2) contracting to supply services or things in the State;

(3) commission of a tortious act in whole or in part in this State;

(4) causing tortious injury or death in this State by an act or omission outside this State if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State;

(5) having an interest in, using, or possessing real property in this State;

(6) contracting to insure any person, property, or risk located within this State at the time of contracting;

(7) entry into a contract to be performed in whole or in part by either party in this State; or

(8) production, manufacture, or distribution of goods with the reasonable expectation that those goods are to be used or consumed in this State and are so used or consumed.

(B) When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against him.

Comparison of the foregoing list with the Complaint in this case demonstrates that this court is without jurisdiction over the person of any of the named Defendants and, therefore, cannot

entertain Plaintiff's claims against them. It is evident that the state and federal courts of Virginia and/or Washington, D.C. are the proper forums in which to adjudicate the claims raised in this Complaint against these non-residents of South Carolina. *See, e.g., Brockington v. Livister*, No. 4:13-cv-2549-RMG, 2014 WL 842639, at *5 (D.S.C. Mar. 4, 2014) (holding that this court could not obtain personal jurisdiction over a federal official "based in North Carolina"); *Petway v. Lappin*, No. 6:06cv135, 2008 WL 629998, at *5 (N.D.W. Va. Mar. 5, 2008) (district court in West Virginia could not obtain personal jurisdiction over federal officials residing in Maryland).

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

November 18, 2016                                       Kaymani D. West
Florence, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).