IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Curtis Jerome Lytle, | ) | |
| | ) | |
| | ) | Civil Action No. 5:16-2277-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charles Samuel; Christopher | ) | |
| Zych; Curtis Mabe; and Dale Rupert, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Curtis Jerome Lytle, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1, Compl.). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the complaint be dismissed without prejudice. (ECF No. 21). Plaintiff was advised of his right to file objections to the Report. (ECF No. 21 at 9). Plaintiff timely filed objections. (ECF No. 24).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Complaint, Plaintiff is challenging a 2012 disciplinary conviction from his incarceration in USP-Lee in Pennington Gap, Virginia. As a result of this disciplinary conviction, Plaintiff alleges he lost 82 days of good time credit and was placed in a higher security custody level. (Compl. at 4). In her Report, the Magistrate Judge finds that this complaint should be summarily dismissed without prejudice because Plaintiff has pursued the wrong remedy. (Report at 6). She states that a *Bivens* action cannot provide Plaintiff with the relief he seeks, restoration of good time credit, but Plaintiff may seek relief pursuant to a habeas action filed pursuant to 28 U.S.C. § 2241. (Report at 4-5). The Magistrate Judge then continues that, even if the court were to find that this action could continue as a *Bivens* action, the court lacks personal jurisdiction over the Defendants who reside outside of South Carolina. *Id.* at 6.

In his objections, Plaintiff states that he "feels this [complaint] was the 2241 just expressed on the wrong forms." (Objections at 1). He further states it is his understanding that he should be filing the *Bivens*, or § 1983 action, in Virginia. *Id*.

The court agrees that a *Bivens* action is not the proper remedy for the reasons stated by the Magistrate Judge. Additionally, the court notes that a 42 U.S.C. § 1983 or *Bivens* action challenging disciplinary convictions is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) - whether it is filed here or in Virginia. *See also Poston v. Shappert*, 222 F. App'x 301, 301 (4th Cir.2007) (unpublished) (applying *Heck* rationale to bar claims for damages under § 1983 and *Bivens*). In *Heck*, the Court held that a § 1983 claim is not cognizable if it implies the invalidity of a conviction. *Heck*, 512 U.S. 487. *See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to disciplinary convictions). *Heck* bars a prisoner's claim for damages under §

1983 or *Bivens* where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. In this case, a favorable determination on the merits of the Plaintiff's claims would imply the invalidity of Plaintiff's disciplinary conviction.

The Magistrate Judge recommends that this action be dismissed. (Report at 6). However, after reviewing the record in this action and Plaintiff's objections, the court finds that the complaint should not be dismissed. Rather, the court finds it should construe the action as a habeas action filed pursuant to § 2241. As to Plaintiff's request for a refund of his $400 filing fee, the court grants Plaintiff's request due to the unusual circumstances in this case.

Therefore, after a thorough review of the record in this action, the court declines to adopt the Magistrate Judge's Report (ECF No. 21). This matter is recommitted to the Magistrate Judge for further handling. Further, the Clerk of Court is **ORDERED** to change the nature of this suit from a prisoner civil rights action to a habeas action. As Plaintiff paid a filing fee of $400 (See ECF No. 17 - Receipt SCX400011815), he is entitled to a refund of $395 (the $400 filing fee he paid minus the $5.00 filing fee required in a habeas action). Accordingly, the Clerk of Court is to **ORDERED** to issue Plaintiff a refund in the amount of $395.00.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain

Timothy M. Cain
United States District Judge

January 19, 2017
Anderson, South Carolina

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.