IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Curtis Jerome Lytle, | ) | |
| | ) | C/A No. 5:16-2277-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Curtis Jerome Lytle ("Lytle"), a federal prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241, challenging two disciplinary convictions. (ECF No. 1-3).[1] On March 30, 2018, Magistrate Judge Kaymani D. West issued a Report and Recommendation ("Report") recommending that Respondent's Motion for Summary Judgment (ECF No. 68) be granted. (ECF No. 74).[2] Petitioner timely filed objections to the Report. (ECF No. 76).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the

---

[1] At the time Lytle filed this action, he was an inmate at the Federal Correctional Institution in Bennettsville, South Carolina. (ECF No. 1 at 2). He has since been transferred out of South Carolina. However, the court retains jurisdiction as jurisdiction in a § 2241 habeas action is determined at the time of the filing of the action. *See United States v. Edwards*, 27 F.3d 564, 564 (4th Cir. 1994) (per curiam) (unpublished) (holding in a § 2241 petition that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction.").

[2] In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**I. Background/Procedural History**

The magistrate judge sets forth in detail the background and procedural history of this case. (Report at 2-16). Briefly, while a federal inmate housed in Lee, Virginia, Lytle was convicted of two disciplinary violations for incidents, which occurred on December 28, 2011: (1) phone abuse based upon Lytle using the personal identification number ("PIN") of another inmate, a violation of Inmate Disciplinary Code 297 ("Code 297"); and (2) possession of a hazardous tool, a cell phone, a violation of Inmate Disciplinary Code 108 ("Code 108"). (ECF No. 1 at 3). Lytle contends that he was not provided due process in regard to these disciplinary convictions. *Id.* Specifically, he contends that: (1) he was denied Unit Discipline Committee ("UDC") hearings; (2) he was not timely given a copy of the incident report for the Code 297 violation; (3) the Warden untimely granted an extension of time within which to conduct the UDC hearing; (4) he did not sign the notice for the Disciplinary Hearing; (5) the Disciplinary Hearing Officer ("DHO") was not neutral; and (6) he was not allowed to call witnesses or present evidence at the hearing before the DHO. *Id.* In his objections, Lytle seeks damages, the

expungement of the convictions, restoration of the loss of eighty-two days of good conduct time, immediate release, and an investigation. (ECF No. 76 at 2).[3]

## II. Applicable Law

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## III. Discussion

Prisoners are entitled to certain procedural protections in disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 564-65 (1974). When a federal prisoner is subject to a disciplinary proceeding that may result in the loss of good conduct credit, the prisoner must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

---

[3] In his petition, Lytle also seeks to be given twenty-four months credit for having been placed in a higher level of security. (ECF No. 1-3 at 8).

documentary evidence in his defense; (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action; and (4) assistance in preparing a defense in some circumstances. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (*citing Wolff,* 418 U.S. at 563-67). Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, *Walpole v. Hill*, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator, *Wolff*, 418 U.S. at 570-71.

In her Report, the magistrate judge determined that the record shows that Lytle was given UDC initial reviews, timely and sufficient notice of both of the charges, and a DHO hearing, where he waived his right to present witness testimony or other evidence at the hearing. Moreover, the magistrate determined that even if the UDC reviews were not held or were untimely, such violations do not rise to the level of constitutional violations. (Report at 26). In his objections (ECF No. 76), instead of raising specific objections to the Report, Lytle rehashes the arguments he made in response to Defendant's summary judgment motion (ECF No. 71). *See* Fed.R.Civ.P. 72(b); *see also Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (stating that de novo review of objections is unnecessary when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's report) (citations omitted); *Weber v. Aiken–Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb.15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations). Nonetheless, out of an abundance of caution, the court will briefly address the arguments raised by Lytle.

Lytle contends that he was never charged for Incident #2250061 (using another inmate's PIN) and he did not receive a UDC hearing for either incident. (ECF No. 76 at 2). He also

contends that the Warden's extension of time for the UDC hearing was not legitimate and did not conform to disciplinary policy. *Id.* He argues that he did not sign the notice of the Disciplinary Hearing. *Id.* at 9. Further, Lytle contends that he was not allowed to call witnesses, or provided a staff representative at the DHO hearing. *Id.* at 11. Finally, he contends that the DHO was not a neutral hearing body and he did not sign the incident reports. *Id.* at 2, 11-12.

While Lytle claims that he was not provided notice or a staff representative and was not given an opportunity to be heard, present witnesses, or evidence, as the magistrate judge found, the record indicates otherwise. (ECF Nos. 53-3; 53-4; 53-5; 53-6). As to Lytle's contention that certain time requirements were not complied with, "the only time requirement under *Wolff* is that the inmate receive written notice of the charge within 24 hours of a disciplinary hearing. There are no other time requirements necessary to comport with federal due process." *Kokoski v. Small*, No. 5:07-0145, 2008 WL 3200811 at *19 (S.D. W. Va. 2004). Moreover, the magistrate judge sufficiently addressed Lytle's argument regarding his signature, or lack thereof, on the Disciplinary Hearing notice. (Report at 28-29).

Additionally, to the extent that Lytle complains that Respondent did not follow the prison's internal policies, such allegations fail to state a plausible claim for a constitutional deprivation of due process. Alleged prison policy violations do not rise to the level of a constitutional violation. *See Joyner v. Patterson*, No.0:13-2675-DCN-PJG, 2014 WL 897121, at *4 (D.S.C. Mar. 6, 2014) ("Violations of prison policies alone do not rise to the level of a constitutional deprivation."); *see also Smith v. Cross*, No. 2:10-cv-35, 2010 WL 5525178, * 5 (N.D.W. Va. June 11, 2010) ("[T]he fact that the petitioner did not receive the incident report until seven days after the incident occurred, and did not have his UDC hearing within five working days does not present a denial of the petitioner's due process guarantees."). A review of

5

the record reveals that Lytle received all of the minimum due process safeguards set forth in *Wolff*. Moreover, Lytle's accusation that the disciplinary proceeding was based on fabricated testimony is not supported by the record. The evidence supports the DHO's decision.[4]

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 74) and incorporates it herein. Therefore, Respondent's Motion for Summary Judgment (ECF No. 68) is **GRANTED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 31, 2018

---

[4] While Lytle states in his objections that he has repeatedly denied the charge regarding the cell phone and that there is no evidence connecting him to the cell phone (ECF No. 76 at 12), the court notes that Lytle also acknowledges several times that he possessed the cell phone. (ECF Nos. 53-7 at 2; 57 at 2, 3-4; 71 at 2, 4; 76 at 2, 4).